# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**LEROY M. TONIC,**

    Plaintiff,

v.      Case No.: RWT 11cv1176

**WARDEN J.P. MORGAN,**

    Defendant.

## MEMORANDUM OPINION

Pending in the above-captioned case are Plaintiff's Motion for Injunctive Relief (ECF No. 10), and Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 20). Plaintiff was advised of his right to file a Response in Opposition to Defendant's motion and of the consequences of failing to do so. ECF No. 21. Plaintiff has not opposed the dispositive motion. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's motion, construed as a Motion for Summary Judgment, shall be granted.

### I. Background

Plaintiff Leroy Tonic ("Tonic"), an inmate confined to disciplinary segregation at Western Correctional Institution (WCI), alleges that his life is continuously threatened by members of a prison gang known as the Black Guerilla Family (BGF). He claims he witnessed a murder orchestrated by the gang, spoke to state police about what he saw, and is now targeted as a snitch by the gang. ECF No. 1. In support of his claim Tonic attaches letters he states were written by other prisoners. One of the letters advises Tonic to pursue an injunction requiring his placement on protective custody because the writer claims to have heard BGF members telling Tonic they would kill him. Another letter signed by "Big Man" advises that the BGF will

relentlessly pursue their goal to kill Tonic and accuses him of being a snitch. ECF No. 10 at 3.

Defendant states that Tonic is well known for his attempts to manipulate housing assignments; that he is assigned to disciplinary segregation where he has been for quite some time due to infractions of a serious nature; and that all of his claims regarding threats on his life have been investigated and found to be baseless. Defendant admits that Tonic talked to state police regarding a murder which took place in the prison; however, Tonic was interviewed in the medical unit where he could not be observed talking to police by any other inmates. Thus, his cooperation should not be known to other inmates as he claims. ECF No. 20 at Ex. 1.

Tonic was interviewed by Captain Butler about the note from "Big Man," but could not provide any details regarding where the note came from or who might have written it. The data base regarding gang names at WCI was consulted to determine if "Big Man" was a name being used, but the name could not be attributed to anyone. ECF No. 20 at Ex. 3. Defendant also states that Tonic has no documented enemies at WCI and that his current assignment to disciplinary segregation limits his exposure to general population inmates.

## II.     Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P.56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**III.    Analysis**

   **A. Injunctive Relief**

A preliminary injunction is an extraordinary and drastic remedy. See Munaf v. Geren, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Defendant has refuted Tonic's initial allegations that he is in imminent danger of being assaulted or killed. Tonic does not dispute Defendant's assertions and has failed to produce evidence that he is likely

to suffer irreparable harm if this Court does not order his transfer to another prison or to federal custody. Tonic is, therefore, not entitled to injunctive relief and his motion shall be denied.

B. **Eighth Amendment Claim**

In order to prevail on an Eighth Amendment claim, a Plaintiff must establish that the defendants exhibited deliberate or callous indifference to a specific known risk of harm. Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Rich v. Bruce, 129 F. 3d 336, 339-40 (4th Cir. 1997).

The undisputed facts establish that Tonic's claims were not ignored; rather, they were investigated and could not be substantiated. Prison officials are not required to bow to the whims of manipulative prisoners who seek only to secure more desirable housing assignments. Claims of imminent harm and ongoing threats must be investigated and, if there is evidence that the danger alleged is real, prison officials have both an ethical and a constitutional duty to insure the threats are not facilitated. In the circumstances presented in the instant case, the duty to protect Tonic was fulfilled when the investigation concluded that his allegations were unfounded. Having discharged that duty, Defendant is entitled to summary judgment in his

favor. A separate order follows.

<u>December 23, 2011</u>                                                       /s/
Date                                                                       ROGER W. TITUS
                                                                             UNITED STATES DISTRICT JUDGE